# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

BIANCA CORNACCHIA,
     *Plaintiff*,

    v.

CB NEPTUNE HOLDINGS, LLC D/B/A
NEPTUNE RETAIL SOLUTIONS AND
METROPOLITAN LIFE INSURANCE
COMPANY,
     *Defendants*.

No. 3:23-cv-796 (VAB)

## RULING AND ORDER ON MOTION TO DISMISS

Bianca Cornacchia ("Ms. Cornacchia" or "Plaintiff") has sued CB Neptune Holdings, LLC ("Neptune") and Metropolitan Life Insurance Company[1] ("MetLife") (collectively, "Defendants") and alleges disability discrimination ("Count One"), disability discrimination – failure to accommodate ("Count Two"), and disability retaliation ("Count Three"), all in violation of the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA") against Neptune, as well as common law negligence against MetLife ("Count Four"). Complaint, ECF No. 1 (June 20, 2023) ("Compl.").

MetLife has filed a motion to dismiss Count Four of Ms. Cornacchia's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mot. to Dismiss, ECF No. 28 (Dec. 11, 2023) ("Mot.").

---

[1] In her Complaint, Ms. Cornacchia names "MetLife Services and Solutions, LLC" as a defendant. MetLife has indicated that it was "incorrectly identified" and operates under the name "Metropolitan Life Insurance Company." Mot. at 1. Ms. Cornacchia does not contest this claim, and refers to MetLife as "Metropolitan Life Insurance Company" in her Opposition to MetLife's Motion to Dismiss Count Four. Mem. of L. in Supp. Of Opp'n to Mot. to Dismiss, ECF No. 35 (Jan. 24, 2024). Thus, the Court assumes that the intended Defendant is Metropolitan Life Insurance Company, and the caption of this case has been modified accordingly. The Court further respectfully orders the Clerk of Court to amend the caption to reflect "Metropolitan Life Insurance Company," rather than "MetLife Services and Solutions, LLC."

For the foregoing reasons, MetLife's motion to dismiss Count Four of the Complaint is **GRANTED**.

Ms. Cornacchia's negligence claim against MetLife is **DISMISSED with prejudice**.

## I.       FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Allegations

On March 1, 2021, Neptune hired Ms. Cornacchia as a Senior Account Director. Compl. at ¶ 10. After starting her employment, Ms. Cornacchia alleges that her "mental disabilities of depression and anxiety began to worsen," and "became so severe that Cornacchia had to seek medical attention." *Id.* at ¶ 15.

On November 9, 2021, Ms. Cornacchia allegedly informed Neptune that she intended to apply for short-term disability. *Id.* at ¶ 16. She was then allegedly approved for short-term disability from November 17, 2021 to January 14, 2022, with a return-to-work date of January 17, 2022. *Id.* at ¶ 17.

MetLife allegedly "administered Neptune's short-term disability benefits program while [Ms. Cornacchia] was employed by Neptune." *Id.* at ¶ 9.

In January 2022, Ms. Cornacchia wished to extend her short-term disability, and on January 12, 2022, she allegedly sent an e-mail to MetLife requesting "instructions on steps to extend her disability leave." *Id.* at ¶¶ 19–20. Ms. Cornacchia alleges that MetLife did not respond to her January 12, 2022 e-mail. *Id.* at ¶ 20.

On January 18, 2022, Ms. Cornacchia allegedly informed Neptune about her desire to extend her short-term disability leave. *Id.* at ¶ 23.

On January 19, 2022, Ms. Cornacchia allegedly again sent an e-mail to MetLife requesting instructions on how to extend her disability leave, and MetLife responded and provided the required documentation. *Id.* at ¶ 21. Ms. Cornacchia alleges that her clinician then submitted the required documentation. *Id.* at ¶ 22.

On February 7, 2022, Ms. Cornacchia allegedly sent an e-mail to MetLife to confirm receipt of her documentation. *Id.* at ¶ 24.

On February 8, 2022, MetLife allegedly responded and stated that it did not receive the documentation from her clinician. *Id.* at ¶ 25. Ms. Cornacchia allegedly confirmed with her clinician that the documentation had been submitted. *Id.* at ¶ 26.

On February 23, 2022, Ms. Cornacchia allegedly again sent an e-mail to MetLife to confirm its receipt of her documentation and "provided her clinician's fax number in case more paperwork was needed." *Id.*

Also on February 23, 2022, MetLife allegedly issued a letter denying the extension of Ms. Cornacchia's short-term disability claim "because 'medical records showing that [she] continue[s] to meet the definition of disability have not been provided.'" *Id.* at ¶ 27.

On March 2, 2022, Neptune terminated Ms. Cornacchia's employment. *Id.* at ¶ 28.

### B.  Procedural History

On June 20, 2023, Ms. Cornacchia filed her Complaint in this case. Compl.

On December 11, 2023, MetLife filed a motion to dismiss Count Four of the Complaint. Mot.; Mem of L. in Supp. Of Mot. to Dismiss, ECF No. 28-1 (Dec. 11, 2023) ("Mem.")

On January 24, 2024, Ms. Cornacchia filed a memorandum of law in opposition to MetLife's motion to dismiss. Mem. of L. in Supp. Of Opp'n to Mot. to Dismiss, ECF No. 35 (Jan. 24, 2024) ("Opp'n").

On February 7, 2024, MetLife filed a reply in support of its motion to dismiss. Reply in Supp. of Mot. to Dismiss, ECF No. 36 (Feb. 7, 2024) ("Reply").

## II.     STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of N.Y.C.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

## III.   DISCUSSION

In her common law negligence claim, Ms. Cornacchia alleges that MetLife "owed a duty to Plaintiff to use reasonable care in maintaining proper communications with Plaintiff and Plaintiff's employer regarding her short-term disability leave," and that it breached this duty in two ways: (1) "by failing to respond to Plaintiff's emails multiple times and failing to keep Plaintiff informed regarding the status of its receipt of the required documentation," and (2) "by

inaccurately advising Neptune that required documentation was not provided – despite the fact that Plaintiff submitted the documentation multiple times." Compl. at ¶¶ 53–55.

Ms. Cornacchia asserts that MetLife's alleged negligence led to the denial of her short-term disability leave and subsequent termination, and claims to have suffered "damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities." *Id.* at ¶¶ 57, 58.

MetLife argues that Ms. Cornacchia's negligence claim should be dismissed because (1) her Complaint fails to plead the elements of a negligence claim, and (2) any such claim is barred by the economic loss doctrine. Mem. at 5.

The Court will address each argument in turn.

### A.  The Failure to State a Claim

Under Connecticut law, "[t]he essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." *McDermott v. State*, 113 A.3d 419, 425 (Conn. 2015) (quoting *LePage v. Horne*, 809 A.2d 505, 510 (Conn. 2002)). "Contained within the first element, duty, there are two distinct considerations.... First, it is necessary to determine the existence of a duty, and [second], if one is found, it is necessary to evaluate the scope of that duty." *LePage*, 809 A.2d at 510 (alteration in original) (citations omitted). "The issue of whether a duty exists is a question of law." *Id.* at 511.

MetLife argues that "Plaintiff has not identified any specific provision of the [short-term disability] policy under which MetLife's alleged contractual duties to Plaintiff arise," and, even

if she had, "Plaintiff's allegations elsewhere in the Complaint are inconsistent with Plaintiff's breach theories, effectively precluding Plaintiff from proceeding." Mem. at 14.

In her response, Ms. Cornacchia argues that "MetLife's duty to Plaintiff arises from statutory requirements pursuant to ERISA regulations," and it breached that duty by failing to comply with ERISA's notice requirements. Opp'n at 14–15.

In reply, MetLife alleges that Ms. Cornacchia failed to plead a duty arising from ERISA regulations in her Complaint, and regardless, "[t]here is simply no viable legal path to pleading a common law negligence claim under duties imposed by ERISA, because ERISA contains its own exclusive remedial scheme." Reply at 6.

The Court agrees, at least in part.


### 1. Duty

Under Connecticut law, "[d]uty is a legal conclusion about relationships between individuals." *Mazurek v. Great Am. Ins. Co.*, 930 A.2d 682, 690 (Conn. 2007) (quoting *Murdock v. Croughwell*, 848 A.2d 363 (Conn. 2004)). "[T]he test for the existence of a legal duty entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case." *Id.*

"A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or

failure to act." *Sturm v. Harb Dev., LLC*, 2 A.3d 859, 870 (Conn. 2010) (quoting *Pelletier v. Sordoni/Skanska Construction Co.*, 945 A.2d 388 (Conn. 2008)).

In her Complaint, Ms. Cornacchia alleges that MetLife had "a duty . . . to use reasonable care in maintaining proper communications with Plaintiff and Plaintiff's employer regarding her short-term disability leave." Compl. at ¶ 53. Ms. Cornacchia also pleads that MetLife administered her short-term disability benefits program. Compl. at ¶ 9.

"[A] duty of care can arise out of a contractual relationship," such as any contractual duties MetLife may have owed to Ms. Cornacchia as administrator of her short-term disability benefits policy. *Martino v. Seterus, Inc.*, No. 3:17-CV-1326, 2018 WL 3553406, at *12 (D. Conn. July 23, 2018) (citing *Gazo v. City of Stamford*, 765 A.2d 505, 515 (Conn. 2001)). While Ms. Cornacchia's Complaint does not detail any specific provisions of her short-term disability plan, Connecticut law recognizes that a duty of care may arise from contracts with insurance agencies. *Afifi v. Standard Fire Ins. Co.*, No. NNH-CV-11-6017083-S, 2011 WL 5307371, at *4 (Conn. Super. Ct. Oct. 21, 2011) ("As a duty to use care may arise out of a contract, the allegations in count three are sufficient to allege that the defendant had a duty to handle the policy with reasonable care and its negligent review of the policy has caused the plaintiff harm."); *Baroni v. W. Rsrv. Life Assur. Co. of Ohio*, No. CV 99-0087965-S, 1999 WL 810580, at *3 (Conn. Super. Ct. Sept. 29, 1999) ("once there exists an express or implied contract that contract may give rise to a duty to handle the policy with reasonable care"). Thus, "constru[ing] the complaint in the light most favorable to the plaintiff," Ms. Cornacchia has pled the existence of a duty necessary for her negligence claim. *York*, 286 F.3d at 125.

But Ms. Cornacchia alleges that MetLife's negligence arises out of its obligations to her under ERISA. Opp'n at 14–15. She does not plead that MetLife's administration of her claim is

governed by ERISA, however, nor does she plead the provisions of ERISA that imposed such a duty. Thus, the Complaint fails to plead a duty under ERISA.

Moreover, assuming without deciding whether ERISA would govern the administration of Ms. Cornacchia's claim,[2] even if Ms. Cornacchia had alleged that, under "ERISA, MetLife owed a duty to communicate with Plaintiff and notify her about any adverse benefit determination and the reasons for such adverse determination," Opp'n at 14, in her Complaint, any negligence claim based on a duty under ERISA would be preempted.

"[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). "[C]ourts are reluctant to find state laws preempted unless they implicate the relationships among 'the core ERISA entities: beneficiaries, participants, administrators, employers, trustees and other fiduciaries.'" *Varela v. Barnum Fin. Grp.*, 644 F. App'x 30, 31 (2d Cir. 2016) (quoting *Gerosa v. Savasta & Co.*, 329 F.3d 317, 324 (2d Cir. 2003)).

Ms. Cornacchia's "negligence claim is related to separate statutory violations by MetLife under ERISA whereby MetLife failed to comply with the communication and notification requirements under ERISA pertaining to Plaintiff's extension of short-term disability claim." Opp'n at 6. Because her negligence claim would allegedly relate to duties of an ERISA plan administrator concerning rights under her ERISA plan, ERISA preempts Ms. Cornacchia's negligence claim. *See Strohmeyer v. Metro. Life Ins. Co.*, 365 F. Supp. 2d 258, 260 (D. Conn. 2005) ("In this instance, plaintiff's negligence claims concern the duties owed by the plan administrator. ERISA preemption is appropriate, since the liability of the defendants is

---

[2] In its Reply, MetLife noted that it "denies that ERISA and the Claims Procedure Regulation govern its administration of Plaintiff's claim." Reply at 5 n.3.

dependent upon the existence of the ERISA plan and the interpretation of rights conferred by it."); *Varela*, 644 F. App'x at 31–32 ("ERISA preempts Varela's claims. . . Her claims arise out of purported oral misrepresentations by [MetLife] about the process for converting a group life insurance policy under the Plan. . . . [and] concern Barbeosch's right under the Plan to convert his policy and the process for doing so — 'central ERISA functions.' Finally, the alleged breach here concerned the Plan itself, not,. . . , an agreement *separate and independent* from the Plan." (internal citations omitted) (emphasis in original)).

Thus, Ms. Cornacchia has only pled the existence of a duty of care arising out of her contractual relationship with MetLife as administrator of her short-term disability benefits under ERISA.

### 2. Causation

Under Connecticut law, "[t]o prevail on a negligence claim, a plaintiff must establish that the defendant's conduct legally caused the injuries." *Paige v. Saint Andrew's Roman Cath. Church Corp.*, 734 A.2d 85, 90 (Conn. 1999). "Connecticut requires plaintiffs to demonstrate that two elements exist in order to meet the standard for legal causation: cause in fact and proximate cause." *Munn v. Hotchkiss Sch.*, 24 F. Supp. 3d 155, 184 (D. Conn. 2014), *aff'd*, 724 F. App'x 25 (2d Cir. 2018). "The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct," and "the test of proximate cause is whether the defendant's conduct is a substantial factor in bringing about the plaintiff's injuries." *Paige*, 734 A.2d at 91.

Ms. Cornacchia claims that MetLife breached its duty of care by failing to communicate effectively with Plaintiff and "inaccurately advising Neptune that required documentation was not provided – despite the fact that Plaintiff submitted the documentation multiple times." Compl. at ¶¶ 54–55. Assuming without deciding that Ms. Cornacchia properly pleads that

MetLife breached its duty of care, and that her alleged injuries were foreseeable, her negligence claim also fails because she does not plead facts showing that MetLife's failure to provide coverage was the cause of her termination.

Ms. Cornacchia asserts that "[MetLife's] negligence was the but-for and proximate cause of Plaintiff's termination." *Id.* at ¶ 57. This conclusory statement, however, is insufficient to establish causation without facts showing that Neptune terminated Ms. Cornacchia because MetLife refused to extend her short-term disability benefits. *Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Indeed, Ms. Cornacchia does not allege that MetLife's refusal to extend her claim factored into, let alone played a significant role in, Neptune's decision to terminate her. Rather, her allegations regarding her termination relate solely to Neptune's alleged wrongful actions without any assertions that such actions were tied to MetLife's alleged negligent conduct. *See, e.g.*, Compl. at ¶ 28 (Neptune terminated Ms. Cornacchia "without communicating with [her] beforehand at all"); *id.* at ¶ 31 ("Neptune could have and should have first communicated with Cornacchia to discuss the potential to extend her leave as an accommodation, before bypassing all progressive discipline to terminate her employment.").[3] Thus, Ms. Cornacchia fails to plead that "were it not for" MetLife's actions, Neptune would not have terminated her, nor does she plead that MetLife's actions "were a substantial factor" in her termination. *Paige.*, 734 A.2d at 91.

---

[3] At best, Ms. Cornacchia appears to rely on the temporal proximity between MetLife's adverse decision on February 23, 2022, and her subsequent termination on March 2, 2022. *See* Compl. at ¶¶ 27-28. While courts have found that temporal proximity may be relevant for establishing causation to support a wrongful termination retaliation claim, *see Gorman–Bakos v. Cornell Co-op Extension of Schenectady County*, 252 F.3d 545, 554 (2d Cir. 2001), such case law is inapplicable here to establish causation in a common law negligence claim against a non-employer defendant.

Accordingly, Ms. Cornacchia fails to plead a plausible claim for negligence against MetLife, and this claim will be dismissed on that ground.

### B.  The Applicability of the Economic Loss Doctrine

Even if Ms. Cornacchia had properly pled a claim for negligence against MetLife, her claim would implicate the economic loss doctrine. "[T]he economic loss doctrine bars negligence claims that arise out of and are dependent on breach of contract claims that result only in economic loss." *Ulbrich v. Groth*, 78 A.3d 76, 100 (2013). "[I]f no contractual duty were found, the tort claim could not survive." *Fleming v. Gov't Emps. Ins. Co.*, 86 F. Supp. 3d 102, 108 (D. Conn. 2015) (citing *Ulbrich*, 78 A.3d at 97 n. 28 (holding economic loss doctrine barred plaintiffs' negligence claim where "the defendants' duty to the plaintiffs arose exclusively out of the contractual relationship. If no contractual duty were found, the tort claims could not survive." *Id.*)). "The doctrine does not prohibit tort claims that 'are independent of the plaintiff's contract claim, and that can survive even if the contract claim fails.'" *ARMOUR Cap. Mgmt. LP v. SS&C Techs., Inc.*, No. 3:17-CV-00790 (JAM), 2018 WL 1368908, at *7 (D. Conn. Mar. 16, 2018) (quoting *Ulbrich*, 78 A.3d at 97). "The test of whether a tort claim is dependent on a contract claim is whether it is 'premised on the same alleged conduct with respect to the same ... property and rel[ies] on the same evidence' and if there is 'no theory under which' a plaintiff could succeed on its tort claim if its contract claim fails." *Id.* (quoting *Ulbrich*, 78 A.3d at 98) (alteration in original).

MetLife argues that Plaintiff's negligence claim is "a contractual dispute (*i.e.*, a claim that MetLife wrongfully terminated Plaintiff's STD benefits) disguised as a tort," and thus is barred by the economic loss doctrine. Mem. at 9.

Ms. Cornacchia argues that the economic loss doctrine does not apply here because she "does not have a breach of contract claim connected to a contract for the sale of goods," and "her negligence claim is related to separate statutory violations by MetLife under ERISA," rather than depending on a breach of contract claim against MetLife. Opp'n at 12.

The Court disagrees.

As discussed above, Ms. Cornacchia may not bring a negligence claim under ERISA, and can only allege a negligence claim linked to MetLife's duty of care arising out of her contractual relationship with MetLife as administrator of her short-term disability benefits.

While Ms. Cornacchia argues that the economic loss doctrine is inapplicable here because the doctrine "generally applies only to contracts for the sale of goods," Opp'n at 11 (citing *Santoro, Inc. v. A.H. Harris Sons*, 2004 WL 2397155 (Conn. Super. Ct. 2004) and *Flagg Energy Development Corp. v. General Motors Corp.*, 244 Conn. 126 (Conn. 1998)), the Connecticut Supreme Court has clarified that the doctrine's reach "[is] not limited only to sales covered by Article 2 of the UCC." *Akl v. Trumbull Ins.*, *Co.*, No. MMX-CV-13-6010186-S, 2014 WL 1345257, at *4 (Conn. Super. Ct. 2014); *see also id.* ("In 2013 the [Connecticut] Supreme Court released its decision in *Ulbrich v. Groth*, 310 Conn. 375 (2013), clarifying that its decision in *Flagg Energy Development Corp.* was not limited only to sales covered by Article 2 of the UCC." (citing *Ulbrich* 78 A.3d at 97)); *Ulbrich* 78 A.3d at 97 ("To the extent that the plaintiffs contend that *Flagg Energy Development Corp.* applies only to sales covered by article 2 of the UCC, we disagree[.]"); *Stewart Title Guar. Co. v. ISGN Fulfillment Servs., Inc.*, No. 3:16-CV-01687, 2017 WL 3587176, at *5 (D. Conn. 2017) ("Courts addressing this issue since *Ulbrich* have not restricted the economic loss doctrine to UCC cases" (collecting cases)).

It also is not the case that "a plaintiff must set forth a breach of contract claim in order for the economic loss doctrine to apply." Opp'n at 13 (citing *Associated Constr. / AP Constr., LLC v. Hanover Ins. Co.*, No. 3:15-cv-1600 (MPS), ECF No. 202 at 8, (D. Conn. Aug. 21, 2018)) While "[u]nless a particular conflict between the rules of contract and tort requires otherwise, a plaintiff may choose to proceed in contract, tort, or both," *Stowe v. Smith*, 441 A.2d 81, 84 (1981), courts do not look at whether the Plaintiff has, in fact, pled a claim for breach of contract, but rather they look to whether the tort claims "arise out of and are dependent on breach of contract claims that result only in economic loss." *Ulbrich*, 78 A.3d at 100; *Ruggerio v. Harleysville Preferred Ins. Co.*, 278 F. Supp. 3d 536, 550 (D. Conn. 2017) ("[T]wo conditions must be satisfied for the economic loss doctrine to be applicable: first, there must be a contractual relationship between the parties, and second, the only losses alleged are economic.").

Here, the duty of care that MetLife allegedly owed to Ms. Cornacchia arises out of MetLife's contractual duties as administrator of her short-term disability benefits. Without this contractual duty, MetLife would owe no duty of care related to conduct at issue here—the alleged improper denial to extend Ms. Cornacchia's short term disability claim—and Ms. Cornacchia's tort claim would not survive. Thus, Ms. Cornacchia's negligence claim would be barred by the economic loss doctrine. *Fleming*, 86 F. Supp. 3d at 108 ("[I]f no contractual duty were found, the tort claim could not survive." (citing *Ulbrich*, 78 A.3d at 97 n. 28)); *Chadwick v. Truck Ins. Exch., No*. LLI-CV-23-6033275-S, 2024 WL 807780, at *2 (Conn. Super. Ct. Feb. 22, 2024) ("[P]laintiffs have not plead a duty to support their negligence claim that is independent of the contract claim. The plaintiffs' complaint alleges that the defendant violated a duty of good faith and a duty to treat them fairly and reasonably. The duty of good faith and fair dealing arises from their insurance contract.").

And, while Ms. Cornacchia alleges to have suffered "emotional and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities," Compl. ¶ 37, in addition to economic damages, bare allegations of emotional or psychological harm suffered as a result of a monetary loss do not save a claim that otherwise would be properly dismissed under the economic loss doctrine. *See Jones v. Sturm, Ruger & Co., Inc.*, No. 3:22-CV-1233 (KAD), 2024 WL 1307148, at *6 (D. Conn. Mar. 27, 2024) ("Although Plaintiff argues that they have suffered non-economic harm from the loss of privacy, emotional distress, and inconvenience and therefore their negligence claim should not be dismissed, they have not cited any Connecticut case to support this proposition, or which carves out such allegations from the application of the economic loss doctrine."); *see also Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (citations omitted)).

Accordingly, any negligence claim Ms. Cornacchia may plead for MetLife's alleged improper termination of her short-term disability benefits would be barred by the economic loss doctrine, and this clam would be dismissed on this basis.

### C.  Leave to Amend

Under Federal Rule of Civil Procedure 15(a),

> [a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The district court has broad discretion to decide a motion to amend. *See Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting that leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss [under] Fed. R. Civ. P. 12(b)(6)."). "[A] motion for leave to amend a complaint may be denied when amendment would be futile." *Tocker v. Phillip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006) (citing *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003)); *see also Kim v. Kimm*, 884 F.3d 98, 105–06 ("Therefore, because the proposed amendments would have no impact on the basis for the district court's dismissal and would consequently be futile, the district court did not abuse its discretion in denying [the plaintiff] leave to amend." (citing *Ellis*, 336 F.3d at 127)).

Ms. Cornacchia argues that "[she] should be afforded an opportunity to amend the Complaint if this Court determines the negligence claim is not viable based on the current facts provided in the Complaint." Opp'n at 16.

The Court disagrees.

To the extent Ms. Cornacchia seeks to amend her Complaint to include unpled allegations

that MetLife owed her a duty under ERISA, for the reasons described above, such claim would be futile because of preemption. Ms. Cornacchia may only bring a claim predicated on the contractual relationship between her and MetLife. But, even if Ms. Cornacchia were to properly plead such a claim, her negligence claim would be barred by the economic loss doctrine, as it is tied to her contractual duty and any such alleged losses she claims are economic losses suffered as a result of the denial of her short-term disability benefits.

Accordingly, because amendment of Ms. Cornacchia's negligence claim would be futile, the Court will deny leave to amend. *Ellis*, 336 F.3d at 127 (2d Cir. 2003) ("[I]t is well established that leave to amend a complaint need not be granted when amendment would be futile.").[4]

## IV.    CONCLUSION

For the foregoing reasons, MetLife's motion to dismiss Count Four of the Complaint is **GRANTED**.

Ms. Cornacchia's negligence claim against MetLife is **DISMISSED with prejudice**.

**SO ORDERED** at New Haven, Connecticut, this 13th day of September, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[4] In so ruling, however, the Court need not and does not address whether a viable claim under ERISA could be directly asserted by Ms. Cornacchia against MetLife.